### JONES v CHICHESTER

Ohio Appeals, 4th Dist, Athens Co

Decided Feb 21, 1929

Woolley & Rowland, Athens, for Jones.
Charles D. Fogle and Emmitt Keenan, Athens, for Chichester.

**MAUCK, J.**

The only assignment of error worth consideration is that the first cause of action, upon which the verdict was rendered, is not sufficient to support a judgment inasmuch as it is claimed that that attempted cause of action does not in fact state facts sufficient to constitute a cause of action. The mistake on the part of the plaintiff was to attempt to make two causes of action out of the pleaded facts. There was but one contract. The real claim of the plaintiff was that the defendant breached this contract in not allowing him to fully perform so that the plaintiff might realize the fifteen hundred dollars in personal property to which under the contract he would have been entitled. This he ought to have pleaded in one cause of action. The defendant was, however, fully acquainted with the terms of the contract which he had signed and he did not assail the petition either by motion or by demurrer. If we treat the petition as a whole it was not demurrable, for as a whole it stated one cause of action. When, therefore, the defendant raised the question of the sufficiency of the petition for the first time on page four by objecting to the introduction of further testimony the court properly overruled the objection.

The verdict shows that the jury allowed the plaintiff nothing in the way of damages for that part of the contract that was not performed by the plaintiff. The verdict further discloses that the jury found that the plaintiff did not breach the contract but performed so far as he was permitted to perform. It fixed the recovery of the plaintiff for work admittedly done at the rate that the parties had agreed should be the measure of the value of the plaintiff's services in drilling the first well. The unfortunate way in which the case was presented by the petition made a difficult case for the trial court to submit to the jury, but this difficulty was invited by defendant's acquiescence in that form of pleading by his failure to attack the petition. Upon the record as a whole it appears that the jury arrived at the right result. It being undisputed that plaintiff drilled the first well and that the parties had agreed that $1.25 per foot was to be the basis upon which his compensation was to be reckoned, when the jury found that the contract had been breached by the defendant and not by the plaintiff the verdict herein was the irreducible minimum of the plaintiff's right of recovery.

Substantial justice has been done and under **Section 11,634 G. C.** the irregularities of the procedure can not defeat an affirmance.

Middleton, PJ, and Blosser, J, concur.